*Peters*, for defendant.

---

THE WILTON MANUFACTURING COMPANY, *plaintiffs in error*,
*versus* IVORY F. WOODMAN.

Want of legal service of the writ, is a sufficient cause for reversing a judgment recovered on default.

Of pleadings in the suit in error.

Double pleading is at the discretion of the court, and will be allowed only when there is reasonable ground for believing it will be for the furtherance of justice.

ERROR to reverse a judgment, which the defendant, resident in Boston, had recovered against the plaintiffs, on default, for $2807,72, damage, and $10,47, costs. The error assigned was that the writ had never been served on the plaintiffs.

The defendant's counsel at first appeared specially to take advantage of the service in this writ. His views in that respect having been overruled, he pleaded, that the writ in the original suit had been served by the officer's leaving a true and attested copy with the clerk of the plaintiff's company, and thereof put himself upon the country.

The plaintiffs protesting that no such service was made, replied that the writ was served conformably to the officer's return, which return was, (as appears by the papers and records of the case,) "I have served on the within named company by leaving an attested copy of this writ in the factory store for their appearance in court," and the plaintiffs aver that no other service or return was ever made, and pray that defendant may be estopped from averring any thing contrary to said return.

To that plea the defendant demurs, assigning eight causes of demurrer.

The defendant also offered two other pleas. One was a plea of accord and satisfaction, the other was a plea of a release of errors.

Plaintiffs resisted the reception of these pleas, because no leave had been given for double pleading, and because, as the counsel asserted, the pleas were utterly groundless, intended merely for a delay, which, as to the property seized upon the execution, would be ruinous to the plaintiffs' rights. The defendant then moved to plead double.

 *Webster*, for defendant.

1. Its argumentative character is fatal to the replication.

The denial of any rightful service is but an inference of the plaintiffs.

2. The replication is self-contradictory, in one part *asserting*, and in another part *denying*, that there was any service of the writ.

3. It should have joined the issue tendered in the plea. If the issue was not rightly tendered, the plaintiffs should have demurred.

4. It was a departure from the former pleadings, in which the plaintiffs had denied that any service had been made.

5. It does not traverse the allegation of the plea, which was an allegation of the only important fact in the case.

6. It sets up an estoppel. By what rule, after issue tendered, can an estoppel be pleaded?

7. It is too uncertain in its allegations to effect an estoppel.

8. It is double, informal, &c.

*J. S. Abbott*, for plaintiffs.

TENNEY, J., orally. — The third assigned cause of demurrer is, that the plaintiffs should have joined the issue tendered in the plea. That issue was irregularly tendered. The plea set out new matter and should have offered a verification. But the defect was of form only, and so the plaintiff might treat it. The plaintiff had the right to set out the service. The demurrer admits it as set forth. Such a service is manifestly insufficient.

The sixth and seventh grounds of demurrer are, that the plaintiffs invoke an estoppel; and that, even if an estoppel could attach to the case, the plaintiffs' allegations are too indeterminate to give it effect.

The evidence as to the service was the officer's return. That evidence is conclusive, but, in a legal sense, is not to be held as an estoppel. The plaintiffs' prayer that it might be so held was irregular. But it is mere surplusage.

In the other assigned causes of demurrer, nothing is perceived to impair the effect of the replication.

The defendant has moved for leave to plead double, and offers to plead and to prove an accord and satisfaction and also a release of errors. The former is inappropriate to this

form of action. But such a release would be a perfect defence.

The exhibition to the court of such a release would have had great weight upon this motion. Such a defence would hardly have left a necessity for the defendant's counsel to appear specially to take advantage of a supposed defect in the service of this suit, or to have presented a special demurrer with so many assigned causes, nor is it a wholly insignificant fact, that the original suit was brought in a county so far distant from the plaintiffs' residence, and when the time of service was so nearly expiring. On the whole, there does not arise a satisfactory conviction that the allowance of double pleading would advance the interests of justice, and the motion, being to the discretion of the court, is denied.

*Judgment reversed.*